826 A.2d 830

DDP CONTRACTING, INC. and Penn
National Insurance, Petitioners,

v.

WORKERS' COMPENSATION APPEAL
BOARD (MORA), Respondent.

Jose Mora,

v.

Workers' Compensation Appeal Board (DDP Contracting
Co., Inc. and Penn National Insurance),

Petition of DDP Contracting Co., Inc.
and Penn National Insurance.

Nos. 576 & 577 EAL 2002.

Supreme Court of Pennsylvania.

May 23, 2003.

## ORDER

PER CURIAM.

**AND NOW,** this 23rd day of May 2003, the Petitions for Allowance of Appeal are GRANTED. The order of the Commonwealth Court is VACATED and the matter is REMANDED to the Commonwealth Court for reconsideration in light of this Court's recent decision in *Reinforced Earth Co. v. Workers' Compensation Appeal Board (Astudillo),* 570 Pa.464, 810

A.2d 99 (2002). Petitioners' Application for Relief is DE-NIED.

Justice SAYLOR files a dissenting statement.

Justice SAYLOR, dissenting.

The first issue in these consolidated petitions for allowance of appeal is framed as follows:

Did the Commonwealth Court err in ruling that an undocumented resident alien is entitled to receive benefits under the Pennsylvania Workers' Compensation Act . . . ?

As I read the Opinion Announcing the Judgment of the Court in *Reinforced Earth Co. v. WCAB (Astudillo),* 570 Pa. 464, 810 A.2d 99 (2002), three Justices declined to address this central question of statutory interpretation, encompassing the issue of whether the General Assembly intended the key term "employee" as used in the Workers' Compensation Act's core, operative provision, *see* 77 P.S. § 431, to include undocumented, resident aliens. Rather, the lead Justices narrowly construed the appellant's argument as presenting solely the issue of whether a judicially-imposed public policy exception should be implemented. *See id.* at 474–75 & n. 7, 810 A.2d at 104–05 & n. 7. Indeed, only two Justices squarely addressed the salient question of statutory interpretation, *see Reinforced Earth,* 570 Pa. at 485, 810 A.2d at 112 (Newman, J., dissenting, joined by Eakin, J.), for which they were criticized by the lead opinion. *See Reinforced Earth,* 570 Pa. at 475 n. 7, 810 A.2d at 105 n. 7 (Opinion Announcing the Judgment of the Court).[1]

In light of the above, the Court's present remand for reconsideration in light of *Reinforced Earth* is confusing. That *Reinforced Earth* itself contains the seeds for such confusion is manifested in Petitioners' submissions, since Petitioners read the opinion as establishing, *inter alia,* that "an illegal alien who is injured in the course of his employment is entitled to receive benefits for total disability," and, on such

---

1. Mr. Justice Nigro's concurring opinion, which I joined, took issue with the manner in which the lead opinion limited the review. *See Reinforced Earth,* 570 Pa. at 481, 810 A.2d at 109.

basis, would concede the underlying question. *See Application of DDP Contracting Company, Inc. and Its Workers' Compensation Insurance Carrier Penn National Insurance,* 577 EAL 2002 at 2 (filed Jan. 29, 2003).

Certainly, the Court should definitively answer the statutory construction question that was avoided in *Reinforced Earth.* However, I do not regard this as an appropriate case to afford the necessary review, as Petitioners have now conceded this issue. Further, although I also view as significant the third question presented by Petitioners, which concerns the administration of partial disability benefits in relation an undocumented workers (assuming that such persons are "employes"), I believe that it is important for the Court to first resolve the central question regarding the statute's scope. Accordingly, I would also deny review concerning Petitioners' third question in the context of the present petitions.